UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24544-BLOOM
(Case No. 16-cr-20715-BLOOM-5)

ANITA SGARRO,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.

_____/

**ORDER ON MOTION TO VACATE UNDER 28 U.S.C. § 2255**

**THIS CAUSE** is before the Court upon Movant Anita Sgarro's "Emergency" *Pro Se* 28 U.S.C. § 2255 Motion ("Motion"), ECF No. [1].[1] Movant also filed a supplement to the Motion ("Supplement"), ECF No. [14]. Respondent filed a Response in Opposition, ECF No. [16], to which Movant filed a Reply, ECF No. [19]. The Court has carefully considered the Motion, the supporting and opposing submissions, the record in this case, and the applicable law. For the following reasons, the Motion is dismissed as time barred.

**I. BACKGROUND**

On September 22, 2016, Movant was charged by Indictment with one count of conspiracy to commit mail and wire fraud (Count 1), one substantive count of mail fraud (Count 2), and one substantive count of wire fraud (Count 10). *See* CR ECF No. [3] at 4-16, 35. The Government alleged that Movant—along with several other codefendants—were part of "a telemarketing scheme that tricked investors into making stock purchases" in two companies, Sanomedics

---

[1] The Court cites filings in Petitioner's criminal case using "CR ECF No."; filings in the civil case before the Court are cited using "ECF No."

International Holdings and Fun Cool Free, Inc., and misappropriated those monies for the benefit of the conspirators. *United States v. Wheeler*, 16 F.4th 805, 812 (11th Cir. 2021). Movant was specifically accused of being "the manager of the California office" who "instructed salespeople on how to pitch Sanomedics stock" and "personally pitched and sold [Sanomedics] stock, introducing herself to investors as 'Anita Simone' from Sanomedics' 'investor relations.'" *Id.*

Movant proceeded to trial on the Indictment. Movant, along with her codefendants, argued "that they did not knowingly and intentionally participate in a fraud, and that the fraud actually occurred when, unbeknownst to the Defendants, the owners and officers of the corporations . . . stole millions of dollars in investor funds." *Id.* at 816. On June 22, 2017, the jury found Movant guilty of all three counts as charged in the Indictment. *See* CR ECF No. [406] at 1. On October 24, 2017, the Court adjudicated Movant guilty of all three counts and sentenced her to 116 months in the custody of the Bureau of Prisons followed by three years of supervised release. *See* CR ECF No. [688] at 1-2. On November 30, 2020, the Court granted Movant's Emergency Motion for Compassionate Release and reduced Movant's prison sentence to time served; Movant's three-year term of supervised release remained unchanged. *See* CR ECF No. [941] at 1-3.

Movant appealed her conviction and sentence to the Eleventh Circuit. *See* CR ECF No. [699]. On appeal, Movant argued that "there was insufficient evidence" to support her convictions, that the prosecutors "engaged in misconduct" during closing arguments, and that a "handful" of the trial court's evidentiary and sentencing rulings were erroneous. *See Wheeler*, 16 F.4th at 818. On October 21, 2021, the Eleventh Circuit affirmed Movant's convictions and sentences. *See id.* at 831. The Eleventh Circuit's mandate issued on February 18, 2022. *See* CR ECF No. [971].

Movant filed the instant Motion on November 30, 2023. *See* ECF No. [1] at 13. Movant alleges counsel rendered ineffective assistance during trial because he labored under a conflict of

interest and that the Government committed several *Brady*[2] violations so it could frame Movant for crimes she did not commit. *See generally id.*

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255(f), a movant must file their § 2255 motion within a one-year period that runs "from the latest of" the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* When a movant takes an unsuccessful direct appeal from a judgment of conviction, the conviction becomes final when the time for filing a petition for writ of *certiorari* expires or when a petition for writ of *certiorari* is denied. *See Clay v. United States*, 537 U.S. 522, 524-25 (2003); *Kaufmann v. United States*, 282 F.3d 1336, 1337 (11th Cir. 2002) ("[The movant's] conviction did not become final until the 90–day period to seek [*certiorari*] expired[.]").

## III. DISCUSSION

### A. The "In Custody" Requirement is Satisfied

Before addressing the merits of the Motion, the Court must assure itself that it has subject-matter jurisdiction over these proceedings. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Respondent argues that the Court lacks subject-matter jurisdiction over the Motion because Movant "served her sentence, including all of her supervised release." ECF No.

---

[2] *See Brady v. Maryland*, 373 U.S. 83 (1963).

[16] at 8. Respondent asks the Court to construe the Motion as a petition for writ of error *coram nobis* under 28 U.S.C. § 1651 since Petitioner is no longer in custody. *See id.* at 10-11. Movant does not take a position on this issue and asserts that she is entitled to relief under both statutory schemes. *See* ECF No. [19] at 1.

A criminal defendant cannot file a motion to vacate under § 2255 unless he or she is "in custody." 28 U.S.C. § 2255(a); *see also Williams v. United States*, 785 F. App'x 710, 712 (11th Cir. 2019) ("Only a prisoner in custody under sentence of a federal court may file a motion under § 2255." (alteration in original) (internal quotation marks omitted)). If the movant is not "in custody" at the time he or she files a § 2255 motion, the court lacks subject-matter jurisdiction to adjudicate the motion. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The Eleventh Circuit has held that a movant remains "in custody" while he or she is on supervised release since there are "restrictions on liberty" and "the possibility of revocation and additional jail time." *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997).

After reviewing the record, the Court concludes that Movant was "in custody" at the time she filed her Motion; therefore, the Court has jurisdiction to consider it. The instant Motion was filed on November 30, 2023, *see* ECF No. [1] at 12, and Movant avers that she remained on supervised release until December 1, 2023, *see* ECF No. [14] at 1. Movant's representation appears to be accurate. The Court reduced Movant's sentence to time served followed by three years of supervised release on November 30, 2020. *See* CR ECF No. [941] at 3. Based on this record, the Court concludes that the Motion was filed on Movant's last day "in custody." Although Respondent is correct that, as of today, Movant's entire sentence has been completed, subject-matter jurisdiction under § 2255(a) has been established because Movant was still "in custody" at

the time the Motion was filed. *See Maleng*, 490 U.S. at 490-91.[3]

### B. The Motion is Untimely

A § 2255 motion must be filed within one-year of the applicable limitation period. *See* 28 U.S.C. § 2255(f). Here, Movant does not assert that an unconstitutional state-created impediment to filing her Motion existed or that her claim is based on a right newly recognized by the United States Supreme Court. *See generally* ECF No. [1]; ECF No. [14]. Accordingly, the Court measures the timeliness of the Motion from the remaining two triggers: the date Movant's judgment of conviction became final, *see* 28 U.S.C.§ 2255(f)(1), and the date on which facts supporting her claims could have been discovered with due diligence, *see id.* § 2255(f)(4).

#### i. Section 2255(f)(1)

Since Movant did not file a petition for writ of certiorari,[4] her conviction did not become final "until the expiration of the 90-day period for seeking certiorari." *Kaufmann*, 282 F.3d at 1338. Although the Eleventh Circuit affirmed Movant's conviction on October 21, 2021, the time to file a petition for writ of certiorari was tolled past that date since Movant and her co-defendants filed a motion for rehearing *en banc*. *See Close v. United States*, 336 F.3d 1283, 1285-86 (11th Cir. 2003) (citing Sup. Ct. R. 13(3)). Once the Eleventh Circuit denied Movant's motion for rehearing on February 10, 2022, Movant's conviction became final ninety days later, on May 11, 2022. *See id.* at 1285 ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is

---

[3] However, the expiration of Movant's sentence means that her § 2255 Motion is moot unless she can establish that "some collateral consequence of [her] conviction exists." *Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). The Court need not decide this issue because the Motion is due to be dismissed on other grounds.

[4] Three of Movant's co-defendants did file certiorari petitions, but those petitions were denied on June 6, 2022, and June 21, 2022, respectively. *See Wheeler v. United States*, 142 S. Ct. 2794 (2022); *Topping v. United States*, 142 S. Ct. 2847 (2022).

5

timely filed, within 90 days of the appellate court's denial of that motion."). Under these calculations, Movant had until May 11, 2023, to file her § 2255 motion within the one-year limitations period set forth in § 2255(f)(1). *See Lubin v. United States*, No. 22-cv-80708, 2023 WL 3204052, at *3 (S.D. Fla. Feb. 9, 2023) (explaining that, under the "anniversary method," the § 2255(f)(1) limitations period ends on the one-year anniversary "Movant's conviction became final"). Since the Motion was filed over six months after that date, on November 30, 2023, it is untimely under § 2255(f)(1).

      ii.    **Section 2255(f)(4)**

Next, Movant alludes to the existence of "new" evidence that she discovered after her conviction which purportedly shows that she "was entrapped by [codefendant] Mesa and others and during trial by her co-defendants and their attorneys[.]" ECF No. [14] at 3. Movant explains that this new evidence was first brought to the Court's attention in a December 23, 2021 "emergency motion" and proves that her trial counsel was "incompetent" and her conviction was "a total miscarriage of justice." ECF No. [1] at 7; *see also* CR ECF No. [969] at 1-22 (describing the "new evidence"). The one-year limitation under § 2255(f)(4) "begins to run when the facts could have been discovered through the exercise of due diligence, not when they were actually discovered." *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002). Even if the Court assumes that Movant could not have discovered this "new evidence" with due diligence before she filed her December 23, 2021 "emergency motion," the instant Motion was still filed nearly *two years after* Movant discovered the "facts supporting the claim or claims presented . . . through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). The Motion is therefore also untimely under § 2255(f)(4).

      iii.   **Equitable Exceptions**

Although the Motion is plainly untimely under all four of § 2255(f)'s limitations periods, Movant can still overcome a time-bar through one of two equitable exceptions: equitable tolling

6

or actual innocence. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) ("§ 2255's period of limitations may be equitably tolled"); *McQuiggin v. Perkins*, 569 U.S. 383, 393 (2013) ("[A] prisoner's proof of actual innocence may provide a gateway for federal habeas review of a procedurally defaulted claim of constitutional error." (citation omitted)). "Equitable tolling is available if the prisoner demonstrates that (1) he has pursued his right diligently and (2) an extraordinary circumstance prevent him from timely exercising his rights." *Doe v. United States*, 469 F. App'x 798, 799 (11th Cir. 2012) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "To show actual innocence of the crime of conviction, a movant 'must show that it is more likely than not that no reasonable juror would have found [her] guilty beyond a reasonable doubt' in light of the new evidence of innocence." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Since Movant does not affirmatively allege that equitable tolling applies here, the Court will only consider if the "actual innocence" exception excuses the Motion's untimeliness. *See San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) ("The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner. Mere conclusory allegations are insufficient to raise the issue of equitable tolling." (citation omitted)).

Movant insists that she discovered "new" and "exculpatory" evidence hidden from her by the Government and her own attorney, but her pleadings are rambling, repetitive narratives, making it extremely difficult for the Court to determine what this "new" evidence is and how it proves Movant's innocence. *See Lopez v. Dixon*, No. 23-cv-23411, 2023 WL 8644645, at *4 (S.D. Fla. Dec. 14, 2023) ("The habeas petitioner bears the burden of showing that his 'new evidence' is sufficient to prove that he is actually innocent." (citing *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006))). As best the Court can tell from her vague and conclusory allegations, Movant

7

contends that the Government, her attorney, and the other co-defendants "ganged up" on her by falsely implicating her in the conspiracy even though she stopped working for the telemarketing company in 2011, never worked with any of the other codefendants, and had nothing to do with the fraud in the company's Miami office. *See* ECF No. [1] at 10; ECF No. [14] at 2-3, 7; ECF No. [19] at 3, 6.

The evidence at trial refutes this far-fetched conspiracy. As the Eleventh Circuit explained, "there was sufficient evidence that Sgarro aided and abetted the [fraudulent] transaction[s] . . . even if she did not personally participate." *Wheeler*, 16 F.4th at 824; *see generally id.* at 812-14 (describing the evidence against Movant).[5] Movant was only charged with conduct that occurred in the California office before she left the company, so evidence showing that she had left the company in 2011 and did not associate with the Miami office is irrelevant. *See id.* at 812-13; CR ECF No. [3] at 4-16. Movant failed to provide any new evidence that "raises 'sufficient doubt about [Movant's] guilty to undermine confidence in the result of the trial[,]'" so the actual innocence exception cannot apply. *Arthur*, 452 F.3d at 1245 (quoting *Schlup*, 513 U.S. at 317). Accordingly, since the Motion is untimely under § 2255(f) and neither of the two equitable exceptions apply, the Motion is time-barred and must be dismissed.

**C. Evidentiary Hearing**

The petitioner has the burden to establish the need for an evidentiary hearing in a habeas corpus proceeding. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465,

---

[5] Movant is procedurally barred from challenging the Eleventh Circuit's ruling concerning the sufficiency of the evidence. *See Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022) ("A procedural bar prevents a defendant from raising arguments in a § 2255 proceeding that he raised and we rejected on direct appeal.").

474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). Here, the issues presented can be resolved based on the record. Indeed, because the Court can "adequately assess [Movant's] claim[s] without further factual development[,]" she is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

### D. Certificate of Appealability

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the Court denies claims on procedural grounds, a certificate of appealability should issue if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Jurists of reason" would not find the Court's procedural ruling "debatable." *Id*. Therefore, a certificate of appealability is denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Movant's Motion Under 28 U.S.C. § 2255, **ECF No. [1]**, is **DISMISSED** as time-barred.

2. A certificate of appealability is **DENIED**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and Movant is not entitled to appeal *in forma pauperis*.

3. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 8, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Anita Sgarro, *PRO SE*
11919 Culver Boulevard
Apt. 206
Culver City, CA 90066